FILED
CLERK, U.S. DISTRICT COURT

OCT - 7 2025

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RENEE BALANZAR, <br><br> Defendant. | Case No.  25-MJ-6155 <br><br> ORDER OF DETENTION |

## I.

On October 7, 2025, Defendant Renee Balanzar made his initial appearance on the Criminal Complaint filed in this matter.  Kenneth Reed, a member of the Indigent Defense Panel, was appointed to represent Defendant.  The government was represented by Assistant United States Attorney Kelsey Stimson.  Defendant

1  submitted on the recommendation of detention in the report prepared by U.S.

2  Probation and Pretrial Services Office.

3

4  ☒     On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case

5  allegedly involving a narcotics or controlled substance offense with maximum

6  sentence of ten or more years.

7  ☒     On motion by the Government or on the Court's own motion [18 U.S.C.

8  § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

9  The Court concludes that the Government is entitled to a rebuttable

10  presumption that no condition or combination of conditions will reasonably assure

11  the defendant's appearance as required and the safety or any person or the

12  community [18 U.S.C. § 3142(e)(2)].

13  II.

14  The Court finds that no condition or combination of conditions will

15  reasonably assure:  ☒ the appearance of the defendant as required.

16  ☒ the safety of any person or the community.

17  III.

18  The Court has considered: (a) the nature and circumstances of the offense(s)

19  charged, including whether the offense is a crime of violence, a Federal crime of

20  terrorism, or involves a minor victim or a controlled substance, firearm, explosive,

21  or destructive device; (b) the weight of evidence against the defendant; (c) the history

22  and characteristics of the defendant; and (d) the nature and seriousness of the danger

23  to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered

24  the report and recommendation prepared by U.S. Probation and Pretrial Services.

25

26

27

28  IV.

1    The Court bases its conclusions on the following:

2    As to risk of non-appearance:

3        ☒    during the execution of a parole compliance warrant,

4    Defendant discarded a firearm and attempted to flee.

5        ☒    unstable residence history,

6        ☒    current and history of substance use

7

8    As to danger to the community:

9        ☒    allegations in the criminal complaint include racketeer

10   influenced corrupt organizations conspiracy, and conspiracy to possess with

11   intent to distribute controlled substances, and defendant is alleged to be

12   involved in leadership, drug trafficking and enforcement in furtherance of

13   the alleged racketeering enterprise.  Defendant was found to be in possession

14   of firearms and narcotics during a parole search in August 2024, and when

15   approached by law enforcement in October 2024.

16       ☒    Criminal History includes (1) felony convictions for firearms

17   offenses in 2012,  felon in possession of a firearm in 2014, attempted murder

18   in 2015,  and a parole violation in 2025; (2) misdemeanor convictions for

19   carrying a concealed weapon, multiple contempt convictions, (violating

20   gang injunction), and obstruction in 2011-2012,; and multiple law

21   enforcement contacts for the above offenses and violations of parole.

22       ☒    alleged gang membership

23       ☒    current and history of substance use

24

25                              V.

26       IT IS THEREFORE ORDERED that the defendant be detained until trial.  The

27   defendant will be committed to the custody of the Attorney General for confinement

28   in a corrections facility separate, to the extent practicable, from persons awaiting or

serving sentences or being held in custody pending appeal.  The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: October 7, 2025

                                        /s/
                              _____
                              ALKA SAGAR
                              UNITED STATES MAGISTRATE JUDGE